UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Judge,<br><br>               Plaintiff,<br><br>v.<br><br>Christopher Smalls; Ms. Rebecca Bryant;<br>Mr. Henry Smalls; Mr. Clarence Smalls;<br>Mr. Isaac Smalls; Ms. Annie Mae Smalls,<br><br>               Defendants. | C/A No. 2:11-2275-MBS-BM<br><br>**REPORT AND RECOMMENDATION** |

       Roger Judge ("Plaintiff"), proceeding *pro se*, brings this civil action against six individual defendants. Plaintiff is an inmate at SCI Greene, a facility of the Pennsylvania Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

       Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996),[1] and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks

---

[1] Although this case is coded as "non-prisoner" based on the allegations of the Complaint, the PLRA still applies for review purposes since Plaintiff is actually a prisoner.



monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Such is the case here.

## Discussion

Plaintiff has entitled the matter "Action in Trespass." Plaintiff is incarcerated in Waynesburg, Pennsylvania; five of the defendants allegedly reside in New York; and the other defendant allegedly resides in Georgia. Plaintiff's entire statement of factual allegations and requested relief is as follows:

> At all times material to this action, the defendants were in control of all material, documents, property and/or the withholding, delaying of legal information pertinent for the plaintiff in and on behalf of father Christopher Judge, mother Elizabeth Judge in receiving whats (sic) due. On or about August 2004 to 2007 action commenced and ended in the Court of Common Pleas for Berkeley County to title dispute of property of First St. Stephen Parish County of Berkeley, South Carolina measuring (18.00) acres more not less. Two houses more not less worth in estimation of about 1,000,000 one million dollars. Plaintiff avers that in addition there are additional connected properties, which include a (sic) Island, buildings, land ect. (sic) in which are still unresolved. This will require full discovery from defendants.

Compl. 2.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).



Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See also Liberty Univ. v. Geithner*, No. 10-2347, 2011 WL 3962915, at *4 (4th Cir. Sept. 8, 2011) (noting that a federal court has "an 'independent obligation' to investigate the limits of its subject-matter jurisdiction."). Further, "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short and plain statement of the grounds for the court's jurisdiction....", although if the Complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399.

Generally, a case can originally be filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. The Complaint, viewed in the light most favorably to Plaintiff, alleges that Plaintiff and his parents may have been defrauded out of their share of certain property located in Berkeley County, South Carolina, which matter was litigated in a South Carolina court. Also,

3



Plaintiff may be alleging that additional properties need to be partitioned to him and his parents, which properties are related to the matter which was litigated in a South Carolina court. This Court gleans that Plaintiff may be raising state law claims, such as trespass, fraud, or a request to quiet title to property located in Berkeley County, South Carolina. Therefore, Plaintiff's legal causes of action do not raise any federal question because Plaintiff does not allege a violation of federal law or a violation of the United States Constitution.

Assuming for purposes of further discussion that diversity jurisdiction is present,[2] this Court should abstain from hearing the matter based on the *Rooker-Feldman* doctrine. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). *See also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). The factual allegations of the Complaint imply that Plaintiff and the Defendants were involved in a prior civil action in the Berkeley County Court of Common Pleas related to title to property. Even giving

---

[2] The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). This Court notes that there is a probate exception as a jurisprudential limit on diversity jurisdiction. *See Turja v. Turja*, 118 F.3d 1006, 1008-10 (4th Cir. 1997). However, Plaintiff does not allege that a will or inheritance is at issue. In any event, Plaintiff alleges a complete diversity of parties, and he may be alleging that $1,000,000.00 is in controversy.

4



liberal construction to the pleadings, it is apparent that Plaintiff believes he and/or his parents were harmed by the prior state court action, and Plaintiff seeks to challenge the prior state court decision. Plaintiff may not bring this action in a United States court in an attempt to overrule the state court decision. *Cf. Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (holding that *Rooker-Feldman* did not bar prisoner's § 1983 suit which challenged a statute or rule governing the state decision). Therefore, this action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[3]

Additionally, if Plaintiff is seeking to set aside a decision or judgment by the Berkeley County Court of Common Pleas based on after discovered fraud, Plaintiff has sued in the wrong court. Plaintiff should instead file an action in the state court to raise those claims. *Cf. In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments).

Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice*.

**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

September 16, 2011
Charleston, South Carolina

---

[3] Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).